United States Courts
Southern District of Texas
ENTERED

NOV 18 2005

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ADAN MELENDEZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-05-308 |
| § | |
| BP OIL COMPANY, USA and § | |
| NATIONAL STEEL AND SHIPBUILDING § | |
| COMPANY, § | |
| § | |
| Defendants. § | |

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE

This admiralty case arises out of injuries sustained by Adan Melendez ("Plaintiff") while employed by J&M Associates and working aboard a vessel built by Defendant National Steel and Shipbuilding Company ("NASSCO"). Now before the Court comes Defendant NASSCO's Motion to Transfer Venue to the Southern District of California. For the reasons stated below, Defendants' Motion is **GRANTED**, and this case is **TRANSFERRED** to the United States District Court for the Southern District of California.

### I. Background

Plaintiff allegedly suffered injuries to his back on July 3, 2004, while working aboard the ALASKA FRONTIER. At the time of the incident, Plaintiff resided and worked in the Southern District of California.

### II. Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g., Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395–96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

## III. Analysis

### A. Availability and Convenience of Witnesses

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their testimony. *See id.* (citing

*Dupre*, 810 F. Supp. at 825). "The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Id.*

Defendants argue that the availability and convenience of key witnesses would be increased by transfer to the Southern District of California. To support this argument, Defendants have identified several key witnesses and provided brief outlines of their expected testimony. Defendants have identified seven witnesses located in California who can testify to Plaintiff's work history, accident report, circumstances of termination, and medical history. Five of the seven are not employees of either defendant, and thus cannot be compelled to testify. *See Lajaunie v. L & M Bo-Truc Rental, Inc.*, 261 F. Supp. 2d 751, 754 (S.D. Tex. 2003) (finding that defendants can compel the attendance at trial of their own employees so the availability and convenience of such potential witnesses is given less weight).

Plaintiff responds that his current treating physicians as well as his economist reside in the Southern District of Texas. Plaintiff can compel his economist, who will provide expert testimony on damages, to attend trial. Plaintiff has not shown why he would not be able to compel his current treating physicians to attend trial or preserve his testimony by deposition.

Defendants have identified key witnesses whose availability and convenience will be greatly increased if this case were transferred to the Southern District of California. This factor supports transfer.

*B. Location of Books and Records*

The location of books and records is generally of little importance in a personal injury case. Defendant has not given the court any indication that the records in question are so voluminous that they will incur substantial cost in transporting them to this Court. *See LeBouef*, 20 F. Supp. 2d at 1060. This factor does not weigh for or against transfer.

*D. Plaintiff's Choice of Forum*

Plaintiff's choice of forum is generally entitled to deference, but it is not the only factor to be considered. Other than the location of Plaintiff's treating physicians and expert economist, individuals that Plaintiff came into contact with after he incurred his injuries, this lawsuit has no connection to this Division or even the Southern District of Texas. Under the circumstances present in this case, Plaintiff's choice of forum is entitled to less deference. *See, e.g., Robertson*, 979 F. Supp. at 1109. This factor does not weigh for or against transfer.

*E. Place of the Alleged Wrong*

The place of the alleged wrong is one of the more important factors in venue determinations. *See Lemery v. Ford Motor Co.*, 244 F. Supp. 2d 720, 733 (S.D. Tex. 2002); *Robertson*, 979 F. Supp. at 1106. The alleged wrong took place in the Southern District of California. Apparently, the incident giving rise to this lawsuit occurred entirely within California, and it involved California residents and California corporations. The residents of this Division have little, if any, interest in the outcome of this case. This factor supports transfer.

*F. Potential for Delay and Prejudice*

Any transfer will produce some delay, and as such, Plaintiff must show that a transfer at this stage of the proceedings would cause a significant or unusual delay. *See In Re: Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2002) ("[I]n rare and special circumstances a factor of 'delay' or 'prejudice' might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence."). This case is not set for trial until March 3, 2006. Plaintiff argues that the Parties will benefit form this Court's tendency to resolve cases promptly in comparison to other federal district courts. While the Court is flattered at the reference to its efficiency and Plaintiff's desire to have his dispute adjudicated here, Plaintiff has

failed to demonstrate that transfer at this stage of the proceedings would cause significant delay or prejudice. This factor supports transfer.

## IV. Conclusion

After examining the relevant venue factors, coupled with the specific facts of this lawsuit, the Court concludes that Defendant has carried its burden of demonstrating that transferring this case to the Southern District of California would increase the convenience of all involved, and that transfer would be in the interests of justice. For these reasons, and those outlined above, Defendant's Motion to Transfer Venue is **GRANTED**, and it is **ORDERED** that this case be **TRANSFERRED** to the United States District Court for the Southern District of California. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 16th day of November, 2005 at Galveston, Texas.

SAMUEL B. KENT
UNITED STATES DISTRICT JUDGE